**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DARVELL LUSTER, #327252, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00230-JPG |
| ) | |
| CAHOKIA POLICE DEPARTMENT ) | |
| AND SGT. McGINNIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Darvell Luster, a pretrial detainee at St. Clair County Jail ("Jail"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In a self-styled "Motion to Sue Defendants," Plaintiff claims that he was not issued *Miranda* warnings when he was arrested by Sergeant McGinnis in Cahokia, Illinois, on or around November 7th or 8th. (Doc. 1, p. 1). He further alleges that this has happened on more than one occasion. (*Id*.). Plaintiff requests no relief in the motion. (*Id*.).

The Court construes the "Motion to Sue Defendants" as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations in the Complaint, the Court designates a single count in this *pro se* action:

> **Count 1:** Defendants violated Plaintiff's constitutional rights by failing to issue *Miranda* warnings incident to his arrest in Cahokia, Illinois, on or around November 7th or 8th.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is encompassed by the allegations in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Plaintiff's claim stems from the Fifth Amendment protection against self-incrimination. The Fifth Amendment specifically provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. Amend V. The *Miranda* warning is aimed at preventing violations of the Fifth Amendment. It is a "prophylactic measure to prevent violations of the right protected by the text of the Self-Incrimination Clause—the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

Standing alone, an officer's failure to issue *Miranda* warnings is not a violation of the Fifth Amendment, and it "cannot be grounds for a [Section] 1983 action." *Johnson v. Winstead*, 900 F.3d 428, 431 (7th Cir. 2018) (citing *Chavez*, 538 U.S. at 772). Self-incrimination occurs when "a suspect's unlawfully obtained inculpatory statement is used against him in a criminal case." *Winstead*, 900 F.3d at 434 (citing *Chavez*, 538 U.S. at 767). Moreover, a claim for the Fifth Amendment violation of the right against self-incrimination actually accrues when an accused's

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

statements, obtained through coercion or without *Miranda* warnings, is introduced into evidence at trial and used to convict him of a crime. *Id.*; *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1026-27 (7th Cir. 2006).

What Plaintiff describes falls short of any violation of his constitutional rights. He claims that an officer failed to issue *Miranda* warnings at the time of his arrest. Standing alone, these facts support no claim against the officer or police department under Section 1983. Of course, there may be more to this story. Therefore, Plaintiff shall have an opportunity to amend his Complaint and more fully develop this claim. Plaintiff is **WARNED** that he must comply with the deadline and instructions for amending the complaint in the below disposition. Failure to do so shall result in dismissal of this action with prejudice and the assessment of a "strike." *See* FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 23, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00230-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering

the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.  To ensure his ability to comply with this Order, the Clerk of Court is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

       DATED:  6/25/2020

                                  s/ *J. Phil Gilbert*
                                  **J. PHIL GILBERT**
                                  **United States District Judge**