**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARVELL LUSTER, #327252,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00230-JPG |
| ) | |
| **CAHOKIA POLICE DEPARTMENT** ) | |
| **AND SGT. McGINNIS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of the Amended Complaint filed by Plaintiff Darvell Luster on July 8, 2020. (Doc. 18). Luster is a pretrial detainee at St. Clair County Jail ("Jail"). He brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. In the Amended Complaint, Plaintiff simply alleges: "My *Miranda* rights was violated when I was arrested." (Doc. 18, p. 6). In the original Complaint, Plaintiff explained that this alleged violation of his constitutional rights occurred in Cahokia, Illinois, on or around November 7th or 8th. (Doc. 1, p. 1). He seeks money damages and expungement of his criminal record. (Doc. 18, p. 7).

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations in the *pro se* Amended Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations, the Court deems it appropriate to designate two counts in the *pro se* Amended Complaint:

**Count 1:** Section 1983 claim against Defendants for violating Plaintiff's constitutional rights by failing to issue *Miranda* warnings incident to his arrest in Cahokia, Illinois, on or around November 7th or 8th.

**Count 2:** FTCA claim against Defendants for violating Plaintiff's rights by failing to issue *Miranda* warnings incident to his arrest in Cahokia, Illinois, on or around November 7th or 8th.

(*See* Docs. 1 and 18). Any claim that is encompassed by the allegations but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]

### Discussion

Count 1 arises under the Fifth Amendment, which specifically provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. Amend V. The *Miranda* warning is a "prophylactic measure to prevent violations of the right protected by the text of the Self-Incrimination Clause—the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Self-incrimination occurs when "a suspect's unlawfully obtained inculpatory statement is used against him in a criminal case." *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018) (citing *Chavez*, 538 U.S. at 767). Put differently, a claim for a Fifth Amendment violation of the right against self-incrimination actually accrues when an accused's statements, obtained through coercion or without *Miranda* warnings, is introduced into evidence at trial and used to convict him of a crime. *Id.*; *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1026-27 (7th

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Cir. 2006).  Standing alone, however, an officer's failure to issue the *Miranda* warning is not a violation of the Fifth Amendment and does not provide grounds for a Section 1983 action. *Winstead*, 900 F.3d at 431 (citing *Chavez*, 538 U.S. at 772).  Given that Plaintiff alleges nothing more in the original and Amended Complaints, Count 1 shall be dismissed with prejudice for failure to state a claim.

Turning to Count 2, the FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials.  *See* 28 U.S.C. §§ 1346, 2671-2680.  The Amended Complaint names two defendants, neither of whom are the United States.  Both defendants are state officials.  Because Plaintiff cannot bring an FTCA claim against state actors, Count 2 shall also be dismissed with prejudice for failure to state a claim.

Finally, Plaintiff cannot use Section 1983 or the FTCA to expunge his criminal record.  If he seeks to challenge a sentence or conviction, he should do so in a direct appeal, post-conviction petition, or habeas action.  This case is dismissed with prejudice.

## Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 18) and this action are **DISMISSED** with prejudice.  **COUNTS 1** and **2** are both **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 or the Federal Tort Claims Act.  However, Plaintiff is free to pursue relief in a direct appeal of his criminal case, a post-conviction petition, or a habeas action in state or federal court.  The dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his Notice of Appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A Motion for Leave to Appeal *In Forma Pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See*

FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  However, a Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED:  7/10/2020**

s/J. Phil Gilbert
**J PHIL GILBERT**
**United States District Judge**